UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Guttry | Civil Action No. 6:19-Cv-00034 |
| versus | Judge Michael J Juneau |
| Costco Wholesale Corp et al | Magistrate Judge Carol B Whitehurst |

**REPORT AND RECOMMENDATION**

Before the Court is a Memorandum Regarding Amount In Controversy Submitted On Behalf Of Costco Wholesale Corporation, ("Costco") filed in response to this Court's Sua Sponte Jurisdictional Briefing Order. *R. 17, 18.* The defendant, Costco, removed this action from the 15th Judicial District Court, Lafayette Parish, Louisiana on January 10, 2019. *R. 1*. Costco's Notice of Removal alleged that this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

Plaintiff, Barbara Guttry, alleged she was operating a motorized shopping cart in the Costco store located in Lafayette, Louisiana, on December 14, 2017, when she backed into a post located in the pharmacy department. Guttry left Costco and presented to the emergency department of Our Lady of Lourdes Regional Medical Center complaining of head and neck pain which she attributed to the alleged accident at Costco. CT scans were obtained of her head and neck and she was

diagnosed with cervical sprain and left wrist sprain. She was given prescriptions for Robaxin and Ultram and instructed to follow up with her primary care physician.

Guttry received therapy in the outpatient rehab unit on December 15, 19, 28 and 29, 2017. On March 21, 2018, she presented to the office of Dr. John Sledge (orthopedist) for evaluation and treatment, complaining of neck and arm pain, as well as bilateral hip pain. Dr. Sledge recommended physical therapy which was conducted on April 23, 25, 27, and 30, 2018 and May 2, 4, 7, 19 and 14, 2018. On May 16, 2018, she returned to Dr. Sledge who recommended continued physical therapy and an MRI of the cervical spine.

The undersigned reviewed the pleadings and found it not facially apparent that Guttry's amount-in-controversy requirement is satisfied. *R. 17.* In particular, the Court noted that Plaintiff did not seek a determinate amount of damages, but rather stated that "the incident injured her neck and head, and aggravated her prior lumbar condition" and that her injuries include "past, present and future general and specials damages." *R. 1-1*.

Costco argued in its Notice of Removal that Plaintiff stated in her petition that the amount in controversy was sufficient to meet the jury trial threshold of $50,000. Costco further stated that Plaintiff's counsel failed to execute a stipulation submitted

by Costco's counsel that Plaintiff's total damages, exclusive of interest and costs, do not exceed the sum of $75,000.

Raising the issue of this Court's subject-matter jurisdiction *sua sponte*, the undersigned ordered Costco to submit a brief setting forth specific facts, as established by summary-judgment-type evidence, supporting a finding that the amount-in-controversy exceeds $75,000 exclusive of interests and costs. *Id.* The Court stated that neither of Costco's reasons alleviated its burden of proof as to amount-in-controversy—*see Brown v. Buerger*, 2005 WL 2487949, *2 (W.D.La. 2005) (Brown's request for damages above $50,000.00 served only one purpose: to support his request for a jury trial), and *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir.1999) (the plaintiff's failure to execute or object does not relieve the removing party of its burden).

In its response, Costco outlined Plaintiff's medical records which it states supports its good faith belief that the amount in controversy is met. Costco, however, also attached a stipulation executed by counsel for Plaintiff on August 23, 2019, stipulating that Plaintiff's recoverable damages do not reach or exceed $75,000.00, exclusive of interest and cost. *R. 18-4*. In light of Plaintiff's stipulation regarding the amount-in-controversy in this case, Costco "concedes this case should be remanded to state court for further proceedings."

As both parties agree that the Court lacks subject-matter jurisdiction over this action,

**IT IS RECOMMENDED** that this case be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana, for lack of subject-matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

Signed at Lafayette, Louisiana on September 3, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE